﻿Citation Nr: 18115441
Decision Date: 07/03/18 Archive Date: 07/02/18

DOCKET NO. 15-10 150A
DATE: July 3, 2018
ORDER
New and material evidence having been received, the claim of service connection for hearing loss is reopened.
New and material evidence having been received, the claim of service connection for tinnitus loss is reopened.
Service connection for hearing loss is granted.
Service connection for tinnitus is granted.
REMANDED
Entitlement to compensation under the provisions of 38 U.S.C. § 1151 for residual disability from vestibular surgery is remanded.
 
FINDINGS OF FACT
1. The Veteran’s current hearing loss is due to in-service noise exposure.
2. The Veteran’s current tinnitus is due to in-service noise exposure.
CONCLUSIONS OF LAW
1. The criteria for service connection for hearing loss have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.385.
2. The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from July 1953 to July 1955.
The case is on appeal from September 2011 and September 2014 rating decisions. 
In March 2018, the Veteran testified at a Board hearing. The record was held open for 60 days, however, no additional evidence was submitted.
I. New and Material Evidence
1. Whether new and material evidence has been submitted to reopen a claim of service connection for hearing loss.
2. Whether new and material evidence has been submitted to reopen a claim of service connection for tinnitus.
By an October 2006 rating decision, claims of service connection for hearing loss and tinnitus were denied. The Veteran was notified of the decision by letter later that month, which was mailed to the then current mailing address of record. Thereafter, nothing further regarding the claims was received until the present claims to reopen in July 2011. No new evidence or notice of disagreement was received by VA within one year of the issuance of the October 2006 rating decision. As the Veteran did not appeal the decision, that rating decision is final. See 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103.
The Board finds that new and material evidence has been submitted so that the previously denied claims of service connection for hearing loss and tinnitus are reopened. See 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a). See also March 2018 Board Hearing Testimony.
II. Service Connection
3. Entitlement to service connection for hearing loss.
4. Entitlement to service connection for tinnitus.
Legal Criteria
Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. “To establish a right to compensation for a present disability, a veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service”—the so-called “nexus” requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).
 
Facts and Analysis
The Veteran contends that he has hearing loss and tinnitus due to in-service noise exposure. In this regard, in a September 1998 statement in connection with his original claim, the Veteran reported loading 40 millimeter guns and being near 3 inch cannons while they were firing during service. He also stated that his ears would ring for days after such noise exposure. In addition, during the March 2018 Board hearing, the Veteran reported being exposed to noise from 3 inch cannons firing close to him during service aboard a ship. He also reported noticing the onset of hearing loss during service and being treated for hearing loss in the 1970’s. He further reported that he was not exposed to loud noise after his discharge from service.
The Veteran’s service treatment records (STRs) do not contain reports of, or treatment for, hearing loss. In addition, a January 1952 induction examination and July 1955 separation examinations do not contain audiometric findings. The Veteran’s service personnel records (SPRs) show that he served aboard the USS Kankakee from March 1954 to July 1955.
During VA treatment in July 1998, the Veteran reported serving as a cannon loader during service and experiencing noise exposure. He was diagnosed with significant hearing loss at such time. Subsequently, during VA treatment in March 2006, a VA audiologist reported that, based on the Veteran’s report of in-service noise trauma, it is plausible that the Veteran’s hearing loss is at least in part caused by in-service noise exposure. Thereafter, in June 2006, a VA physician noted that the Veteran has asymmetric hearing loss likely secondary to noise exposure. He further stated that the Veteran was exposed to 3 inch cannon on the left side.
The Veteran was afforded a VA examination in regard to his hearing loss and tinnitus in October 2006. During the examination, the Veteran denied being exposed to occupational or recreational noise after his discharge from service. He also reported onset of bilateral tinnitus in the 1970’s. The examiner diagnosed the Veteran with bilateral hearing loss and tinnitus. He reported that he could not offer a nexus opinion regarding the Veteran’s hearing loss without resorting to speculation. He found that the Veteran’s tinnitus was not due to in-service noise exposure because it did not coincide with his military service.
The Board finds the evidence is at least in equipoise as to whether the claimed disorders are related to the Veteran’s service. In this regard, the Veteran competently and credibly reported experiencing exposure to loud noise from large guns firing close to him during service aboard a ship. He also reported experiencing ringing in his ears for extended periods and noticing hearing loss during service. In addition, he reported experiencing only minimal noise exposure after his discharge from service. The Veteran’s VA treatment records show that one treatment provider found it plausible and another treatment provider found it likely that his hearing loss is due to in-service noise exposure to large guns firing. While the October 2006 VA examiner found that the Veteran’s tinnitus is not related to service, the Board finds that this opinion is outweighed by the Veteran’s statements and medical evidence of record supporting a relationship between the Veteran’s hearing conditions and his in-service noise exposure. When reasonable doubt is resolved in the Veteran’s favor, the Board finds that his hearing loss and tinnitus is related to in-service noise exposure. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Thus, service connection for hearing loss and tinnitus is warranted.
REASONS FOR REMAND
Entitlement to compensation under the provisions of 38 U.S.C. § 1151 for residual disability from vestibular surgery.
The Veteran contends that he experiences problems with balance and vertigo due to error on the part of a private physician in performing vestibular surgery in February 2012. He further contends that he is entitled to compensation for such disability because VA referred him to the private physician for treatment. See Ollis v. Shulkin, 857 F.3d 1338, 1345 (Fed. Cir. 2017). Remand is necessary to ensure that all VA and private treatment records necessary for adjudication of the claim are in the Veteran’s file. Therefore, on remand the agency of original jurisdiction should take all appropriate steps to associate such records with the file. 
This claim is REMANDED for the following action:
After obtaining any necessary authorization from the Veteran, all outstanding records should be obtained, to include all private medical treatment records for hearing loss and vestibular symptoms, and his complete VA treatment records, to include from the Gainesville, Florida VA Medical Center.

 
RYAN T KESSEL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD D. Jimerfield, Associate Counsel